## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 07-40124-JAR |
| LENARD DIXON, ) | 11-4099-JAR |
| ) | |
| Defendant/Petitioner. ) | |

## MEMORANDUM AND ORDER

This matter is currently before the Court on Petitioner's Motion to Withdraw Melanie S. Morgan as Attorney (Doc. 143). On August 28, 2011, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. In its Memorandum and Order entered on March 5, 2012, the Court denied Petitioner's motion and also denied Petitioner a certificate of appealability. Petitioner has not sought a certificate of appealability from the circuit court nor has he filed a notice of appeal for the denial of his § 2255 motion, but on April 30, 2012, Petitioner filed the instant motion seeking an order from the Court dismissing his attorney and appointing a new attorney. Petitioner also asks the Court to "release all [Petitioner's] paper work." For the reasons explained below, the Court denies the motion.

**I.    Motion to Withdraw and Appoint Counsel**

Petitioner seeks an order from the Court "dismissing his attorney-of-record and appointing a different licensed attorney to provide competent representation on this particular case."[1] Petitioner cites a failure of counsel to provide reasonably effective assistance, a conflict

---

[1]Pet'r's Mot. to Withdraw Melanie S. Morgan as Att'y, Doc. 143 at 2.

of interest, and a complete breakdown in communications as his reason for dismissing his court appointed counsel and appointing new counsel.

First, the Court finds Petitioner's request to withdraw counsel from his underlying case moot. Petitioner filed his § 2255 motion pro se and has been proceeding without counsel in his § 2255 filings. Furthermore, in his § 2255 briefing, Petitioner attached a letter from his former counsel, in which counsel explained that she could not represent Petitioner in his § 2255 proceedings. It is thus clear that his former counsel does not represent Petitioner in his current request for relief. As such, the Court finds that Petitioner's motion to withdraw counsel is moot and denies it as such.

Second, the Court also denies Petitioner's motion to appoint counsel. Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted for a § 2255 motion. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2) if the interests of justice so require. Here, the Court determined in its Memorandum and Order denying Petitioner's § 2255 motion that no evidentiary hearing was necessary. Therefore, the Court need not appoint counsel under Rule 8 because no hearing was warranted and furthermore no § 2255 motion is pending. Similarly, the Court finds that appointment of counsel is not necessary under § 3006A(a)(2). Petitioner's claims had been fully briefed in both the § 2255 motion and his reply brief. The briefs and the record conclusively demonstrated that Petitioner was not entitled to relief under § 2255, and the Court denied his §2255 motion. Thus, the interests of justice do not require appointment of counsel, and the Court therefore denies Petitioner's motion to appoint counsel.

## II. Motion for Transcripts

Petitioner also requests that the Court release all of his paperwork, which the Court construes as a request for transcripts and documents. The exclusive provision governing requests by indigent prisoners for free transcripts is 28 U.S.C. § 753(f).[2] "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcripts in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[3] In any other appeal, an indigent prisoner must show that the appeal presents a substantial question before a free transcript is available.[4] "Moreover, a habeas corpus petition must be filed to trigger the statute that explicitly grants indigent habeas corpus petitioners 'documents' or 'parts of the record' without cost."[5]

Petitioner has not met the requirements of § 753(f) for free transcripts because he does not have any § 2255 application pending, he has not shown that an appeal presents a substantial question, nor has he shown that the transcripts are needed to decide the issue presented by the habeas petition. Furthermore, he has not requested to proceed in forma pauperis, nor has he provided any evidence to show that he is indigent. As a result, he has also failed to meet the requirements of 28 U.S.C. § 2250 for free documents or parts of the record. Thus, the Court denies his motion for transcripts and documents.

---

[2]*See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[3]*Id.* at 259.

[4]28 U.S.C. § 753(f).

[5]*United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, *1 (10th Cir. Oct. 14, 1994) (citing 28 U.S.C. § 2250; *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)).

If the Petitioner requests, however, he can obtain copies of the record and transcripts at his own expense. For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of ten (10) cents per page. The Court directs the Clerk of the Court to send the docket sheet along with this Order to Petitioner, who may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Withdraw Melanie S. Morgan as Attorney (Doc. 143) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 9, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE