**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|                                       |   |                        |
|---------------------------------------|---|------------------------|
| UNITED STATES OF AMERICA,             | ) |                        |
| Plaintiff/Respondent,                 | ) |                        |
| vs.                                   | ) |                        |
|                                       | ) | Case No. 07-40124-JAR  |
| LENARD DIXON,                         | ) | 11-4099-JAR            |
| Defendant/Petitioner.                 | ) |                        |

**MEMORANDUM AND ORDER**

This matter is currently before the Court on Petitioner's Motion for Reconsideration (Doc. 145), in which Petitioner asks the Court to reconsider its Memorandum and Order denying Petitioner's Motion to Withdraw Melanie S. Morgan as Attorney. On August 28, 2011, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. In its Memorandum and Order entered on March 5, 2012, the Court denied Petitioner's motion and also denied Petitioner a certificate of appealability. Petitioner has not sought a certificate of appealability from the circuit court nor has he filed a notice of appeal for the denial of his § 2255 motion, but on April 30, 2012, Petitioner filed a motion seeking an order from the Court dismissing his attorney and appointing a new attorney. Petitioner also asked the Court to "release all [Petitioner's] paper work." The Court denied Petitioner's motion in its May 9, 2012 Memorandum and Order. Petitioner filed the instant motion on May 29, 2012, seeking reconsideration of the May 9, 2012 Memorandum and Order. In the instant motion, Petitioner rehashes the arguments in his April 30th motion, requests a copy of the docket and an application to proceed *in forma pauperis*, and asks for an extension of time to file a notice of appeal. As fully explained below, the Court

directs the Clerk of the Court to send Petitioner a copy of the docket and an application to proceed *in forma pauperis*, but denies all other requests in Petitioner's motion.

## I.        Motion for Reconsideration

In civil and criminal cases, motions for reconsideration of nondispositive orders are governed by District of Kansas Local Rule 7.3.[1]  Under Rule 7.3, "a motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[2]  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[3]

Petitioner has not made any of the required showings.  Petitioner does not argue that there has been any change in the controlling law.  He has similarly failed to show the availability of new evidence.  And the Court is unconvinced that its earlier ruling contained a clear error or results in manifest injustice.  Petitioner's assertions merely rehash his previous arguments and are insufficient to warrant relief from the Court's earlier Memorandum and Order.  Thus, the Court denies Petitioner's motion for reconsideration.[4]

## II.       Motion for Extension of Time to File Notice of Appeal

---

[1]*See United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (finding that Rule 7.3 is also applicable in criminal cases).

[2]D. Kan. R. 7.3.

[3]*Id.* (citations and quotations omitted).

[4]Petitioner's motion is also untimely under D. Kan. R. 7.3 because it was not filed within 14 days of the Memorandum and Order denying Petitioner's motion.

Petitioner next asks the Court for an extension of time to file a notice of appeal for the denial of his § 2255 motion. Rule 4(a) of the Rules of Appellate Procedure governs the time for appeal of a § 2255 motion. Under Rule 4(a)(1)(B), a petitioner filing a § 2255 claim against the United States has 60 days from the entry of the order to file a notice of appeal. But Rule 4(a)(5) allows a district court to extend the time to file a notice of appeal if a petitioner (1) makes a request for extension no later than 30 days after the time allowed under Rule 4(a)(1) has expired and (2) shows excusable neglect or good cause for the failure to timely file the notice of appeal.

Here, the Court entered its Memorandum and Order denying Petitioner's § 2255 motion on March 5, 2012. Petitioner thus had until May 4, 2012, to file a notice of appeal. Petitioner failed to file a notice of appeal within that time. Petitioner, however, requested an extension of the time to appeal on May 29, 2012, within 30 days of the time prescribed for filing a notice of appeal. Thus, if Petitioner has shown excusable neglect or good cause for his failure to timely file, the Court may extend his time to file a notice of appeal.

Petitioner states that he has been in the special housing unit with no human contact and with limited access to the law library since June 18, 2011. But Petitioner does not explain how this prevented him from filing a notice of appeal within the 60-day window allowed under Rule 4(a), nor does he give any other explanation for his failure to timely file a notice of appeal. Thus, his explanation is not sufficient to meet the requirements of Rule 4(a)(5). The Court therefore denies Petitioner's request for extension of time to filed a notice of appeal.

**III.    Transcripts, Records and Application to Proceed *In Forma Pauperis***

The Court previously informed Petitioner that he could request unsealed documents from the Clerk of the Court if he paid the requisite fee. The Court directed the Clerk of the Court to send the docket sheet to the Petitioner. Petitioner states that he never received a copy of the docket sheet. The Court thus directs the Clerk of the Court to resend the docket sheet along with this Memorandum and Order to Petitioner. Petitioner also requests an application to proceed *in forma pauperis* for all future proceedings. The Court is unsure in what proceedings the Petitioner will request to proceed *in forma pauperis*, especially given the Court's decisions in this Memorandum and Order declining to extend the time to file a notice of appeal, but the Court nonetheless directs the Clerk of the Court to send the Application to Proceed Without Payment of Fees by a Prisoner along with this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Reconsideration (Doc. 145) is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 28, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE